### HAYDEN v. UNITED STATES.

(Circuit Court of Appeals, Fifth Circuit. November 24, 1922. Rehearing Denied January 13, 1923.)

#### No. 3948.

Poisons ⬦=>9—Indictment for unlawful purchase of morphine held sufficient.

> Under Harrison Anti-Narcotic Act, § 1, as amended by Act Feb. 24, 1919, c. 18, § 1006 (Comp. St. Ann. Supp. 1919, § 6287g), an indictment for purchasing morphine, not in or from the original stamped package, is not required to allege that defendant was a person required to register under the act.

In Error to the District Court of the United States for the Northern District of Texas; James C. Wilson, Judge.

Criminal prosecution by the United States against Annie Beland Hayden. Judgment of conviction, and defendant brings error. Affirmed.

John L. Poulter, of Fort Worth, Tex., for plaintiff in error.

Henry Zweifel, U. S. Atty., H. L. Arterberry, Asst. U. S. Atty., and B. P. Allred, Asst. U. S. Atty., all of Fort Worth, Tex.

Before WALKER, BRYAN, and KING, Circuit Judges.

KING, Circuit Judge. The plaintiff in error was indicted under the Harrison Anti-Narcotic Act and amendments (Comp. St. 1918, Comp. St. Ann. Supp. 1919, § 6287g); the indictment containing four counts. She was convicted under the first count, charging that she had not registered as required by said act, and was in unlawful possession of 12 grains of morphine, and also under the fourth count, charging her

with having purchased 12 grains of morphine, the same not being purchased in or from the original stamped package.

The error assigned is the overruling of a demurrer to each of said counts, on the ground that each count of said indictment was fatally defective, and did not allege facts sufficient to show that defendant had been guilty of an offense. The brief in said case presents the sole question that the indictment is fatally defective, in that it does not aver that the said defendant was a person who was required under said act of Congress and its amendments to register.

The second count, under which said defendant was convicted, charges that the defendant unlawfully purchased said morphine, not in or from the original stamped package, in violation of the amendment to said act making such purchase unlawful. This provision makes such purchase by any person, whether registered or not, unlawful, and this count of the indictment is, in our opinion, not obnoxious to the demurrer interposed.

The defendant was sentenced to 18 months' confinement in the Colorado State Prison for Women. As either count of the indictment is sufficient to support this sentence, and as the fourth count upon which she was convicted is good, it is unnecessary to consider whether the first count was subject to demurrer.

The judgment of the District Court is affirmed.